IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durango Anderson, II,                    :
                Petitioner              :
                                      :
      v.                          :  No. 813 C.D. 2019
                                      :  SUBMITTED:  June 19, 2020
Pennsylvania Board of                    :
Probation and Parole,                    :
                Respondent             :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ELLEN CEISLER, Judge

OPINION BY JUDGE CEISLER            FILED:  August 12, 2020

Durango Anderson, II, (Anderson) petitions for review of the Pennsylvania Board of Probation and Parole's (Board)[1] May 29, 2019 Order affirming its February 13, 2018 decision. In that decision, the Board recommitted Anderson as a convicted parole violator (CPV) to serve 48 months of backtime, awarded him no credit for time spent at liberty on parole, and recalculated his maximum parole violation date as January 14, 2032. Anderson's counsel, Tyler A. Lindquist, Esquire (Counsel), has submitted a Motion to Withdraw as Counsel (Motion to Withdraw) along with a *Turner* letter.[2] Counsel contends the arguments raised by Anderson in his Petition

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board after Anderson filed his Petition for Review. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

[2] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

for Review are frivolous and without merit. After thorough consideration, we deny Counsel's Motion to Withdraw without prejudice and direct him to file either a proper, amended Motion to Withdraw and *Turner* letter, or an advocate's brief in support of Anderson's Petition for Review, within 30 days.

## I. Background

On May 14, 1991, Anderson pled guilty in the Court of Common Pleas of Philadelphia County (Trial Court) to 6 counts of robbery and was sentenced to an aggregate term of 12 to 30 years in state prison. Certified Record (C.R.) at 1. The Board paroled Anderson on March 27, 2003, at which point the maximum date on these sentences was August 2, 2020. *Id.* at 3-6.

On February 19, 2014, the Philadelphia Police Department (PPD) began investigating allegations that Anderson had repeatedly molested his then-seven-year-old daughter. *Id.* at 16. The City of Philadelphia's (City) Department of Human Services, the PPD's Special Victims Unit, and the Philadelphia Children's Alliance each swiftly investigated these accusations and found them to be credible. *Id.* at 17-35. The Board issued a detainer warrant for Anderson on February 28, 2014, based upon Anderson's technical violations of his parole terms, which resulted in Anderson being arrested and placed at Coleman Hall, a halfway house in the City,

---

Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Com*[.] *v. Porter*, [. . .] 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*,[. . .] 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter")[, referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)]; *Com*[.] *v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

2

that same day. *Id.* at 36, 54-55, 63. On March 5, 2014, Anderson waived his rights to a parole violation hearing and to counsel, and admitted to a technical violation of his parole terms. *Id.* at 59-60.

On March 11, 2014, the Trial Court issued a temporary protection from abuse order against Anderson, barring him from contact with his minor daughter and her mother. *Id.* at 40-53.

On March 19, 2014, PPD officers arrested Anderson at Coleman Hall and subsequently charged him with 22 counts of various sexual offenses. *Id.* at 63-65, 70, 78, 80, 82, 86, 92. On March 20, 2014, the Trial Court set Anderson's bail at $125,000, which he was unable to satisfy. *Id.* at 114. On April 3, 2014, Anderson again waived his rights to a parole revocation hearing and to counsel. *Id.* at 88-89. On May 1, 2014, the Board ordered that Anderson be detained pending resolution of these criminal charges and that he serve six months of backtime on his May 1991 sentence as a technical parole violator (TPV). *Id.* at 104-05. On June 12, 2014, the Trial Court removed the monetary bail requirement and released Anderson on his own recognizance. *Id.* at 114.

On September 27, 2017, a jury found Anderson guilty of 1 count of rape, 1 count of involuntary deviate sexual intercourse with a person less than 16 years old, 2 counts of unlawful contact with minors, 1 count of aggravated indecent assault of a person less than 13 years old, 1 count of aggravated indecent assault of a person less than 13 years old, and 1 count of endangering the welfare of children. *Id.* at 141, 146.[3]

---

[3] Anderson was also found not guilty of 1 count of unlawful contact with minors, 1 count of indecent assault of a person under 13, and 1 count of corruption of minors. C.R. at 115. The City's Office of the District Attorney elected to *nolle pros* the remaining charges against Anderson. *Id.* at 115, 125, 131, 141, 146.

Anderson subsequently waived his rights to a parole revocation hearing and to counsel, and admitted that he had been convicted of these crimes. *Id.* at 167-69. On February 13, 2018, the Board ordered Anderson to serve 48 months of backtime on his May 1991 sentence as a CPV, concurrent with the 6 months of TPV backtime the Board had previously imposed. *Id.* at 239-40. The Board gave Anderson credit for 1,223 days that he had been detained solely on the Board's warrant, which the Board identified as between February 28, 2014, and March 20, 2014, and between June 12, 2014, and September 27, 2017, but gave Anderson no credit for time served at liberty on parole. *Id.* at 237-40. Finally, the Board determined that Anderson had 5,115 days left on his May 1991 sentence and, using January 12, 2018, as the date of his return to Board custody, recalculated the maximum date on this sentence as January 14, 2032. *Id.* at 237, 240.

On February 27, 2018, Anderson mailed an administrative remedies form and a "Request for Administrative Review" to the Board. In these documents, Anderson challenged the Board's February 13, 2018 decision on several bases. First, he argued that the Board incorrectly failed to give him credit for time served in presentence detention and, therefore, miscalculated the maximum date on his May 1991 sentence. *Id.* at 241. Second, he alleged the Board unlawfully extended his judicially imposed sentence by declining to give him credit for time served at liberty on parole, thereby violating the separation of powers doctrine. *Id.* at 244-45. Finally, he maintained that the Board violated his due process rights by recalculating his aforementioned maximum date without giving him notice or holding a hearing. *Id.* at 245-46. The Board denied Anderson's administrative challenges on May 29, 2019. *Id.* at 256-58.

4

On June 25, 2019, Anderson filed a *pro se* Petition for Review with our Court. Therein, he argues that by denying him relief, the Board violated his due process rights and the United States and Pennsylvania Constitutions' prohibitions against double jeopardy. Petition for Review at 2. In addition, Anderson claims that the Board abused its discretion by denying him credit for time served at liberty on parole. *Id.* Finally, he maintains that Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1), which gives the Board discretionary authority to award credit for time served at liberty on parole in most circumstances, is unconstitutional because it allows the Board to extend a judicially imposed maximum date. *Id.*

On July 8, 2019, we appointed the Public Defender of Forest County to represent Anderson in this matter. Cmwlth. Ct. Order, 7/8/19, at 1. Counsel then entered his appearance on behalf of Anderson on February 4, 2020, and filed his Motion to Withdraw and *Turner* letter that same day. In his Motion to Withdraw, Counsel states that he has reviewed the issues raised by Anderson and has determined that all of them are "frivolous." Motion to Withdraw at 1. In his *Turner* letter, Counsel states that Anderson has raised four issues in his Petition for Review and explains in detail why each claim is without merit. *Id.* at 5-8.[4]

## II. Technical Sufficiency of Counsel's *Turner* Letter

Before addressing the validity of Anderson's substantive arguments, we must assess the adequacy of Counsel's *Turner* letter. Throughout this process, Anderson has only sought to challenge the Board's calculation of his maximum date, its denial of credit for time served at liberty on parole, and its alleged violation of his due

---

[4] Counsel's *Turner* letter is attached to his Motion to Withdraw, but is not clearly marked as a separate exhibit. Therefore, we refer to both the *Turner* letter and the Motion to Withdraw as if they are one contiguous document.

process rights during the parole revocation process. For this reason, Counsel appropriately elected to file a *Turner* letter.[5] "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We conclude that Counsel's *Turner* letter fails to satisfy these technical requirements. Though Counsel correctly elected to address the arguments Anderson raised in his Petition for Review, Counsel failed to analyze the following two issues Anderson raised at the administrative level: (1) whether the Board failed to give him proper credit for time served in presentence detention and (2) whether the Board violated the separation of powers doctrine by declining to give him credit for time served at liberty on parole. Although Anderson omitted both of these issues from his Petition for Review, that did not relieve Counsel of his obligation to address these arguments before this Court. *See* Pa. R.A.P. 1513(d)(5) ("[T]he omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified

---

[5] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter, however, because none of Anderson's claims implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).

6

record."). The process of a court-appointed attorney seeking leave to withdraw from a case pending before our court happens after a petition for review is filed, but before the petitioner submits an appellate brief. Therefore, given that a court-appointed attorney must address all issues raised by their client before a court can determine whether to grant permission to withdraw from the case, and the identifiable issues raised at the administrative level are not waived until the substantive brief stage, the court-appointed attorney must analyze all such issues in order to obtain leave to withdraw, even if those issues were not mentioned in the petitioner's petition for review.

### III. Conclusion

Consequently, we deny Counsel's Application to Withdraw without prejudice and direct Counsel to remedy the aforementioned deficiencies by filing either an amended Motion to Withdraw and *Turner* letter, or an advocate's brief in support of Anderson's Petition for Review, within 30 days of the attached Order.

_____
ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durango Anderson, II,          :
        Petitioner       :
                                :
      v.                  :  No. 813 C.D. 2019
                                :
Pennsylvania Board of     :
Probation and Parole,      :
        Respondent   :

**O R D E R**

AND NOW, this 12th day of August, 2020, the Motion to Withdraw as Counsel filed by Tyler A. Lindquist, Esquire (Counsel), is hereby DENIED WITHOUT PREJUDICE. Counsel shall file an amended Motion to Withdraw as Counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or an advocate's brief in support of the Petition for Review, within thirty (30) days of the date of this Order.

_____
ELLEN CEISLER, Judge